UNITED STATES DISTRICT COURT                    INDEX NO. 15-CV-2840  (PAC)
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X        JUDGE CROTTY
David Cortorreal,
                    Plaintiff

    -against-
                                              **COMPLAINT**

Eric Wytiaz, and
Jarred Gaeta, and
Maida Scott

                    Defendants
---------------------------------------------------------X

       Plaintiff, by his attorneys, Bruce Colfin Law, PC., for this complaint against Defendants Eric Gaeta, Eric Wytiaz, and Maida Scott allege as follows:

### THE PARTIES

1. Plaintiff David Cortorreal, hereinafter Plaintiff is an individual residing in the Bronx County, State of New York.

2. Eric Wytiaz is an individual with a place of domicile in Colorado.

3. Jared Gaeta is an individual with a place of domicile in California

4. Maida Scott is an individual with a place of domicile in Colorado.

### NATURE OF ACTION

5. This is an action for inter alia, fraud, breach of contract, and unjust enrichment between citizens of different States of the United States, where the amount in controversy exceeds the jurisdictional amount.

### JURISDICTION AND VENUE

6. This Court has jurisdiction under U.S.C. Sec. 1332 since there is diversity between the respective parties.

7. In all instances the amount claimed in controversy exceeds the jurisdictional amount required in controversy.

8. Venue is proper in this District Court, as Plaintiff David resides within the District and Defendants Gaeta, Scott and Wytiaz came into and conducted the business acts that are complained about by Plaintiff in this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

9. Plaintiff contacted Wytiaz on July 13, 2013 about possible business opportunities.

10. On October 3, 2013 Plaintiff invested twenty-five thousand dollars ($25,000) in Traffic Ninjas (DTN LLC).

11. The terms of the investment agreement stated that Plaintiff would receive his initial investment back with interest.

12. The agreement also gave Plaintiff ten (10) percent of the Traffic Ninjas revenue until the Plaintiff's full investment had been repaid.

13. Full repayment of Plaintiff's investment plus fifteen (15) percent interest was due between three (3) to six (6) months of the initial investment.

14. Traffic Ninjas (DTN LLC) is an advertising agency focusing on XLM search feeds, site monetization, online video content, and online mobile publishing.

15. Plaintiff was informed via email about Traffic Ninjas' (DTN LLC) launch scheduled for September 27, 2013.

16. Plaintiff was promised, but never received a formal document bearing a signature of the defendants to commemorate the investment.

17. On a number of occasions subsequently, Plaintiff asked the Defendants for repayment.

18. In response, Defendant was told payment dates that were not upheld.

19. Plaintiff communicated with Defendants via email, phone conferences and in-person meetings.

20. On November 7, 2013, Plaintiff and Defendants attended Ad:Tech; the conference and exhibition where marketing, technology and media communities come together to share new ways of thinking, build strong partnerships, and define new strategies to address the key industry challenges and opportunities.

21. Plaintiff continued to receive updates about the financial well being of the Traffic Ninjas (DTN LLC) from Defendants.

22. On or about November 20,2013 and on December 5, 2013 weeks after the launch Plaintiff was asked via email to invest another twenty-five ($25,000) thousand dollars into Traffic Ninjas.

23. Plaintiff refused to invest in the company a second time.

24. From December 5, 2013 until March 1, 2014 Plaintiff had access to the Traffic Ninjas' financial documents.

25. On or about August 1, 2014, plaintiff was denied access.

26. Plaintiff was informed by Defendants that Traffic Ninjas (DTN LLC) was earning one thousand dollars ($1,000) a week.

27. Traffic Ninjas' pro forma financial statements for 2014 showed that their revenue was sixty- five thousand ($65,000) dollars in January and continued to increase throughout the year ending the year with two hundred and ninety thousand ($290,000) in December.

28. On or about December 5, 2013, with the stated intention of converting Traffic Ninjas (DTN LLC) into an "S" Corporation named Tavo Enterprise, Plaintiff was asked to invest money in Traffic Ninjas.

29. On or about December 19, Plaintiff received an email from Defendants, which proposed three (3) options that Plaintiff would be able to choose from as a method of being repaid.

30. To date, despite Defendants ability and obligation to repay, Plaintiff has not received repayment of any money.

31. To date, despite Defendants ability and obligation to repay, Plaintiff has not received any interest or share of revenue.

32. Plaintiff has been damaged in an amount as yet to be determined but not less than three hundred thousand ($300,000) dollars

### FIRST CAUSE OF ACTION FOR THE PLAINTIFF

33. Plaintiff incorporates paragraphs 1 through 32 as fully set forth herein.

34. Defendants misrepresented that Traffic Ninjas (DTN LLC) was a financially profitable company when they asked the Plaintiff to invest into the company using printed material provided by Defendants.

35. Because of the misrepresentations that were made by the Defendants about Traffic Ninjas' financial state, Plaintiff invested twenty-five thousand ($25,000) dollars into Traffic Ninjas.

36. Plaintiff relied on the misrepresentations that were made to him by the Defendants when he decided to invest in Traffic Ninjas.

37. Plaintiff suffered injury as a result of the Defendants' misrepresentations. Defendants now have possession of the Plaintiff's money which was his property. Plaintiff suffered a loss of twenty-five thousand ($25,000) dollars which the Defendants received and benefited from.

38. Defendants induced Plaintiff to invest in Traffic Ninjas while Defendants made material misrepresentations that were meant to induce the Plaintiff to enter into a contract.

39. Defendants knew the misrepresentations to be false.

40. Defendants intended that the Plaintiff rely on said misrepresentations.

41. Plaintiff relied on Defendants misrepresentations which caused the Plaintiff injury.

42. Plaintiff has been damaged in an amount as yet to be determined but not less than three hundred thousand ($300,000) dollars

## SECOND CAUSE OF ACTION FOR PLAINTIFF DAVID CORTORREAL

43. Plaintiff incorporates paragraphs 1 through 42 as if fully set forth herein.

44. By keeping the money invested in Traffic Ninjas which was fraudulently acquired Defendants have been unjustly enriched.

45. Defendants made material misrepresentations, which were false, and which were known to be false when made.

46. Defendants intended for the material misrepresentations to be acted upon.

47. Plaintiff relied upon the material misrepresentations made by the Defendants.

48. The material misrepresentations made by the Defendants allowed Defendants to be enriched while causing injury to the plaintiff.

49. Plaintiff has been damaged in an amount as yet to be determined but not less than three hundred thousand ($300,000) dollars

**THIRD CAUSE OF ACTION FOR PLAINTIFF DAVID CORTORREAL**

50. Plaintiff incorporates paragraphs 1 through 49 as if fully set forth herein.

51. By soliciting investment and falsely advertising the Traffic Ninjas through interstate commerce defendants violated Bus. Law § 349 and 350.

52. Defendants falsely advertised Traffic Ninjas to be a profitable company and in New York. Defendants used printed material to convince the Plaintiff to invest in Traffic Ninjas (DTN LLC).

53. Defendants traveled to New York City to attend the trade event known as Ad:Tech to promote Traffic Ninjas.

54. By soliciting investment and falsely advertising the Traffic Ninjas defendants violated Bus Law § 349 and 350.

55. Traffic Ninjas was not profitable.

56. Plaintiff has been damaged in an amount as yet to be determined but not less than three hundred thousand ($300,000) dollars

**FOURTH CAUSE OF ACTION**

57. Plaintiff incorporates paragraphs 1 through 56 as if fully set forth herein.

58. By failing to pay Plaintiff the amount owed to him as stated in the terms of the investment agreement Defendants breached the implied-in-fact contract created between the parties.

59. Defendants promised Plaintiff he would receive full payment of his initial investment.

60. Plaintiff and Defendants had a mutual agreement that Plaintiff would be repaid by the Defendants with interest and share of profits.

61. Plaintiff has been damaged in an amount as yet to be determined but less than twenty five thousand ($25,000) dollars with fifteen (15) percent interest from the date of investment plus an amount equal to ten (10%) percent of the revenue earned by defendant's corporate entities.

**FIFTH CAUSE OF ACTION**

62. Plaintiff incorporates paragraphs 1 through 61 as if fully set forth herein.

63. By devising and intending to continue devising a scheme to obtain money by means of fraudulent and false pretenses, misrepresentations and promises caused Plaintiff to transmit money by means of wire and interstate commerce for the purpose of executing such scheme which is in violation on 18 USCS §1343.

64. Defendants continued to misrepresent the financial standing of the Traffic Ninjas (DTN, LLC).

65. Plaintiff's initial invest was transferred from a New York Bank to the Defendants in Denver, Colorado.

66. Defendants continued to provide plaintiff with falsified information concerning the success of Traffic Ninjas

67. Defendants continued to provide plaintiff with falsified information concerning the Defendants purported success in obtaining further investment in Traffic Ninjas.

68. Plaintiff has been damaged in an amount as yet to be determined but not less than three hundred thousand ($300,000) dollars

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief as follows:

On the First Cause of Action Plaintiff is seeking an amount no less than three Hundred thousand ($300,000) dollars.

On the Second Cause of Action Plaintiff is seeking an amount no less than three Hundred thousand ($300,000) dollars

On the Third Cause of Action Plaintiff is seeking an amount no less than three Hundred thousand ($300,000) dollars

On the Fourth Cause of Action Plaintiff is seeking an amount no less than twenty five thousand ($25,000) dollars with fifteen (15) percent interest from the date of investment plus an amount equal to ten (10%) percent of the revenue earned by defendant's corporate entities.

On the Fifth Cause of Action Plaintiff is seeking an amount no less than three Hundred thousand ($300,000) dollars

And for such other and further relief as the Court may deem just and proper;

JURY DEMAND. Plaintiff requests trial by jury on all issues so triable.

Dated: April 13, 2015
New York, NY

*[signature]*

Bruce E. Colfin (BEC 5815)
Bruce Colfin Law, P.C.
Attorney for Plaintiff
1178 Broadway
New York, NY 10001
212-691-5630
Bruce@thefirm.com


**TO DEFENDANTS:**

**Eric Wytaiz**
**1050 S. Monaco Parkway, Unit #20**
**Denver, CO 80224**

**Jared Gaeta**
**9161 Bermuda Drive**
**Huntington Beach, CA 92646**

**Maida Scott**
**1902 Mesa View Court**
**Colorado Springs, CO 80904**